IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                           Case No. 4:16-cr-00217-01 KGB

JUAN GARRIDO-ORTEGA                                                   DEFENDANT

### ORDER

Defendant Juan Garrido-Ortega filed a *pro se* motion for sentence reduction under seal (Dkt. No. 82). The government responded in opposition to the motion (Dkt. No. 85). Since Mr. Garrido-Ortega filed his motion, the Court also has received on his behalf correspondence from family members raising issues regarding the potential for compassionate release, which are attached hereto, under seal, as the Court's Exhibits A and B. As a result, this Court addresses all matters in this Order. For the following reasons, the Court denies Mr. Garrido-Ortega's motion and any requests made on his behalf (Dkt. No. 82).

**I.     Background**

Mr. Garrido-Ortega was sentenced by this Court on October 18, 2018, to a term of 70 months of imprisonment in the Federal Bureau of Prisons ("BOP") to be followed by four years of supervised release (Dkt Nos. 79, 80). He was found guilty of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Dkt. No. 80). In his sealed motion, Mr. Garrido-Ortega requests a sentence reduction. The government opposes Mr. Garrido-Ortgea's motion, asserting that he already received any benefits to which he is entitled, and that, therefore, the Court lacks jurisdiction to reduce further his sentence (Dkt. No. 85, ¶¶ 6–7).

## II.  Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction; or

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by and on behalf of Mr. Garrido-Ortega.

### A. Allegations Regarding Cooperation

To the extent that Mr. Garrido-Ortega argues that he is entitled to a reduction in his sentence due to cooperation, the government maintains that "he already received the benefit of cooperation." (Dkt. No. 85, ¶ 7). The government sets forth the concessions it made to Mr. Garrido-Ortega in the plea agreement in this case as a result of his conduct (*Id.*). Further, there is no pending Federal Rule of Criminal Procedure 35 motion before the Court. *See* 18 U.S.C. § 3582(c)(1)(B). There also is no assertion in this case that the sentencing range pursuant to which Mr. Garrido-Ortega was sentenced has been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Therefore, the Court denies Mr. Garrido-Ortega's motion on this basis.

### B. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Garrido-Ortega's family members have written to the Court inquiring about compassionate release. As a result, the Court addresses those arguments in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under

Section 12003 of the CARES Act.[1]  To the extent Mr. Garrido-Ortega seeks relief from this Court under the CARES Act, the Court denies his motion.

### C. Compassionate Release

The Court also has limited authority to consider requests pursuant to the compassionate release provision of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1).  To the extent that Mr. Garrido-Ortega and his family members seek release under this provision, the Court denies without prejudice his request for failure to exhaust his administrative remedies based on the record before the Court at this time.  *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) (dismissing a motion for compassionate release premised on COVID-19 concerns because there was no indication that the defendant had exhausted his administrative remedies with respect to that claim); *United States v. Annis*, No. CV161951JRTKMM, 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020) (same).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

---

[1] Although a sentencing court may *recommend* a particular type of prison facility during sentencing, any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility has no binding effect on the authority of the BOP to determine or change the place of imprisonment. *See* 18 U.S.C. § 3621(b). The Court understands Mr. Garrido-Ortega's motion to seek action from this Court to reduce his sentence based on alleged cooperation, not to recommend home confinement.

Until passage of the First Step Act, under the then-governing statute only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances. The Court is mindful of the concerns created by the COVID-19 pandemic, but the Court is not inclined under the circumstances presented in this case to ignore the compassionate release provision's exhaustion requirement.

On the record before the Court, the Court denies without prejudice any request by Mr. Garrido-Ortega for compassionate release and declines to address the merits of any such request; the BOP might but is not required to address first the merits of a proper request before the Court does so. If he chooses to do so, Mr. Garrido-Ortega may refile his motion upon demonstrating that he has satisfied the exhaustion requirement set out in 18 U.S.C. § 3582(c)(1)(A).

### III.     Conclusion

For these reasons, the Court denies Mr. Garrido-Ortega's motion (Dkt. No. 82).

It is so ordered this 13th day of October, 2020.

_____
Kristine G. Baker
United States District Judge